UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LORETTA MURRAY, <br> BOBBY L. MURRAY, and <br> JACOB I. MURRAY, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL JOHNSTON, <br> Roane County Attorney General, <br> LAUREN BENNETT, <br> Roane County Assistant Attorney General, <br> ARTHUR WOLF, <br> Roane County Criminal Investigator, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No.:  3:17-CV-355-TAV-CCS |

## **MEMORANDUM OPINION**

This civil case is before the Court on plaintiffs' motion to amend [Doc. 32] and motions to dismiss plaintiffs' complaint filed by defendant Arthur Wolf [Doc. 14] and defendants Russell Johnston and Lauren Bennett [Doc. 9] due to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). The Court has reviewed the parties' respective memorandums in support and opposition to the pending motions [Docs. 10, 16, 18, 19], and for the following reasons, the Court will grant plaintiffs' motion to amend and grant defendants' motions to dismiss.[1]

---

[1] Because plaintiffs have sought only an injunction and declaratory relief and not monetary damages, the rule announced in *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699 (6th Cir. 2013), requiring district courts to stay cases precluded by *Younger* abstention instead of dismissing them when the federal plaintiff seeks legal or monetary relief does not apply.

## I. Background

Plaintiffs, proceeding *pro se*, filed a fifty-one page complaint [Doc. 1] seeking an injunction and declaratory relief against defendants Russell Johnston ("Johnston"), Lauren Bennett ("Bennett"), and Arthur Wolf ("Wolf") due to defendants' history with plaintiffs and involvement in a pending criminal proceeding against plaintiffs Bobby L. Murray and Jacob Murray.[2] Defendant Johnston is the District Attorney for the Ninth Judicial District in Roane County, Tennessee, while defendant Bennett is an assistant district attorney and the prosecuting attorney in the criminal proceeding against plaintiffs Bobby L. Murray and Jacob Murray [Doc. 1 p. 2 ]. Defendant Wolf was the investigator in the case plaintiffs seek relief from [*Id.*].

Plaintiffs' complaint consists of many allegations against the defendants, all of which involve alleged bias against plaintiffs and their family as a whole. For these reasons, plaintiffs argue this Court should grant an injunction against defendants' involvement in the pending state criminal proceeding against plaintiffs [*Id.* at 3]. In regard to defendants Bennett and Johnston, plaintiffs contend defendants are prosecuting the case against plaintiffs Bobby L. Murray and Jacob Murray as retaliation due to a previous suit concerning the child custody battle of Billy Murray's child and subsequent complaints filed by plaintiffs against Roane County officials [*Id.* at 5–6]. Likewise, plaintiffs contend that defendant Wolf "has it out" for the plaintiffs' family and did not

---

[2] The case pending in Roane County against plaintiffs Bobby L. Murray and Jacob Murray is case No. 2014-CR-207A and B. The two plaintiffs were arrested and indicted by a grand jury for attempted second degree murder after an incident in which the plaintiffs allegedly shot at and injured an individual.

conduct a proper investigation [*Id.* at 29]. As plaintiffs allege, the defendants have worked together to ensure plaintiffs will not receive a fair trial by stopping witnesses from testifying, having a clear bias against the "Murrays," and not properly investigating the case against plaintiffs Bobby L. Murray and Jacob Murray [*Id.* at 29].

It is plaintiffs' contention that defendants' actions have violated their civil rights through prosecutorial misconduct and malicious prosecution, and through 42 U.S.C. § 1983, plaintiffs seek an injunction preventing defendants' continued involvement in the underlying case [*Id.* at 28–30]. In response to plaintiffs' complaint, defendants have filed motions to dismiss due to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).[3]

## II. Analysis

Defendants have moved the Court to dismiss plaintiffs' complaint due to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* instructs federal courts to not interfere with on-going state court proceedings unless exceptional circumstances mandate intervention. 401 U.S. at 43–44. The policy rationales underlying *Younger* are principles of federalism and "proper respect for state functions." *See Zalman v. Armstrong*, 802 F.2d 199, 201 (6th Cir. 1986). In determining whether *Younger* abstention applies, a federal court should determine at least three factors: "(1) whether a state proceeding is pending at the time the federal action is

---

[3] The Court notes plaintiffs made a motion seeking to amend their complaint [Doc. 32] on January 8, 2018. The Court has incorporated the amended complaint into its analysis in deciding defendants' motion to dismiss. The motion to amend will thus be granted.

initiated; (2) whether an adequate opportunity is provided to raise the constitutional claims in the state proceeding; and (3) whether there are extraordinary circumstances which nevertheless warrant federal intervention." *Zalman*, 802 F.2d at 202; *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

In regard to the first factor, there is currently a pending state criminal proceeding in Roane County, Tennessee, against two of the plaintiffs. Plaintiffs Bobby L. Murray and Jacob Murray were arrested and charged with attempted second-degree murder in 2014 [Doc. 1 p. 4]. Therefore, when plaintiffs filed their complaint in this Court in 2017 seeking an injunction, a state criminal proceeding was pending. Based on the plaintiffs' complaint and defendants' motions to dismiss, the contention over *Younger's* application revolves around whether there is adequate opportunity for plaintiffs to raise their constitutional claims at the state level, and whether extraordinary circumstances warrant federal intervention.

As to whether an adequate opportunity for plaintiffs to raise their constitutional claims at the state level exists, federal plaintiffs "bear the burden of showing that state procedural laws bar the presentation of their constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013). Plaintiffs argue the state of Tennessee has "no law or remedy" to stop the unlawful prosecution of plaintiffs or for actions that violate their civil rights [Doc. 18 p. 2]. However, plaintiffs do not allege or state they have been denied or attempted to seek any type of relief concerning their civil rights claims at the state level.

4

The rights at issue are the right to a fair and speedy trial, the right to present witnesses, and the right to be free from prosecutorial misconduct and malicious prosecution [Doc. 1 p. 28]. These are all matters that may be raised during the state proceeding or raised on appeal afterwards. Overall, there is no credible suggestion that Tennessee's laws do not provide an adequate opportunity for plaintiffs to raise their constitutional claims at the state level. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (highlighting when a plaintiff has not attempted to present their federal claims in the related state court proceeding, "a federal court should assume state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary").

Next, plaintiffs allege that extraordinary circumstances warrant federal intervention of the on-going state proceeding [Doc. 18 p. 8]. In *Younger*, the Supreme Court recognized that proceedings brought in bad faith or for the purposes of harassment could present an extraordinary circumstance warranting federal intervention. *Younger*, 401 U.S. at 48–50. However, this exception is narrow and only requires federal intervention when it appears the state proceeding was initiated with "no expectation of securing valid convictions." *Id.* Plaintiffs allege a laundry list of factors, events, and circumstances that cause them to assert that the ongoing criminal case against plaintiffs Bobby L. Murray and Jacob Murray was brought in both bad faith and for the purposes of intimidation and harassment [Doc. 1 p. 29]. Although the Supreme Court has recognized that a bad-faith prosecution of an individual may serve as an exception to the doctrine in *Younger*, this is a very narrow and rare exception. *See Tindall v. Wayne Cnty. Friend of*

*the Court*, 269 F.3d 533, 539–40 (6th Cir. 2001) (noting this exception is extraordinarily rare and the Supreme Court has never authorized federal intervention under it).

Plaintiffs' allegations against defendants consist of personal bias and prosecution as retaliation due to prior complaints filed by the plaintiffs against Roane County [Doc. 1 p. 29]. However, these allegations, even taken as true, do not justify the exception to *Younger* that the prosecution against plaintiffs Bobby L. Murray and Jacob Murray was brought in bad faith without the expectation of conviction. Although plaintiffs have alleged bias, retaliation, and malicious prosecution, it does not necessarily follow that defendants do not expect a lawful conviction. Because of the policy underlying *Younger* abstention, and the exceptions to abstention being a high bar to pass, the Court does not believe federal intervention in the ongoing state proceeding is warranted.

### III. Conclusion

For the reasons stated herein, the Court will **GRANT** defendants' motions to dismiss [Docs. 9, 14] due to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE